IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DIANE BELIN                                                                                                  PLAINTIFF

vs.                                              Civil No. 1:12-cv-01110

CAROLYN W. COLVIN                                                                                        DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Diane Belin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.    Background:**

Plaintiff protectively filed her disability application on August 19, 2010. (Tr. 11, 108). In her application, Plaintiff alleges being disabled due "[h]eart problems–leaking valve." (Tr. 145). Plaintiff alleges an onset date of October 1, 2009. (Tr. 11, 108). This application was denied initially and again upon reconsideration. (Tr. 44-45).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 62-72). An administrative hearing was held on October 5, 2011 in Pine

Bluff, Arkansas.  (Tr. 26-43).  At the administrative hearing, Plaintiff was present and was represented by Mary Thomason.  *Id.*  Plaintiff and Vocational Expert ("VE") Delise Beasley testified.  *Id.*  On the date of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI).  (Tr. 29).  As for her level of education, Plaintiff also testified she had completed the eleventh grade but had not obtained her GED.  *Id.*

On October 27, 2011, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's application.  (Tr. 7-21).  In this decision, the ALJ found Plaintiff filed her SSI application on August 18, 2010.  (Tr. 13, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 1, 2009, her alleged onset date.  (Tr. 13, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: obesity; status post heart valve replacement; compensated heart disease; right knee swelling; and hypertension.  (Tr. 13, Finding 3).  The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 15, Finding 4).

The ALJ evaluated Plaintiff's Residual Functional Capacity ("RFC").  (Tr. 15-19, Finding 5).  In making this evaluation, the ALJ first considered Plaintiff's subjective complaints and found they were not credible to the extent she alleged.  *Id.*  Second, the ALJ found Plaintiff retained the capacity for the following:

> The residual functional capacity produced by the medically determinable impairments permits the lifting of 10 pounds occasionally, and to frequently lift and/or carry up to less than 10 pounds, and to walk and stand for 2 hours in an 8 hour workday, and sit 6 hours of an 8 hour workday as defined by the regulations at 20 CFR §404.  The claimant should avoid climbing, ladders, ropes and scaffolds.  She is capable of occasional squatting, stooping, bending and kneeling.  She should avoid extremes of cold and heat, wetness and humidity and fumes and odors.

*Id.*

Next, the ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 6). Based upon her RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of her PRW. *Id.* The ALJ also determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 20-21, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Specifically, the VE testified that considering her age, education, work experience, and RFC, Plaintiff retained the capacity to perform occupations such as the following:

- Lamp shade assembler (sedentary, unskilled) with 1,575 such jobs in Arkansas and 35,055 such jobs in the United States;

- Electronic dial marker (sedentary, unskilled) with 1,647 such jobs in Arkansas and 33,440 such jobs in the United States; and

- Hand almond blancher (sedentary, unskilled) with 716 such jobs in Arkansas and 38,481 such jobs in the United States.

(Tr. 20-21, Finding 10).

Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability as defined by the Act from her application date or from August 19, 2010 through the date of his decision or through October 27, 2011. (Tr. 21, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4). On October 17, 2012, the Appeals Council declined to review this disability determination. (Tr. 1-3). On November 20, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in failing to consider the combined impact of her medical impairments; (2) the ALJ failed to properly evaluate her credibility; and (3) the ALJ failed to consider if her inability to afford medical treatment justified her failure to seek such treatment. ECF No. 10 at 1-13. Upon review, the Court finds the ALJ improperly evaluated Plaintiff's subjective complaints. Thus, the Court will only evaluated Plaintiff's second argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20

C.F.R. § 416.929.[1]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.  *See Thomas v.*

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

*Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* evaluation.  Instead of evaluating the *Polaski* factors outlined above and providing valid reasons for discounting Plaintiff's subjective complaints, the ALJ discounted Plaintiff's subjective complaints because they were not supported by her medical records.  Specifically, the ALJ stated the following:

> In this case, the claimant appears to be sincere and genuine regarding the pain and limitations she states she experienced with the medical impairments.  If accepted as described, the claimant would be prevented from completing even sedentary exertional functions.  *However, the claimant's most serious symptoms and limitations are simply outside the range of reasonable attribution according to the medical opinions of record.  Luna v. Bowen,* 834 F.2d 161, 164 n.3 (10th Cir. 1987).  As indicated hereinafter, the medically determinable impairments cannot reasonably be expected to produce the symptoms to the degree alleged by the claimant.

(Tr. 18) (emphasis added).  This was entirely improper under *Polaski. See Polaski*, 739 F.2d at 1322 (holding "[t]he adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them").  Because the ALJ did not comply with the requirements of *Polaski*, this case must be reversed and remanded.[2]

4.   **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are**

---

[2] This Court recommends this case be reversed and remanded only for the purpose of fully considering the *Polaski* factors and supplying valid reasons for discounting Plaintiff's subjective complaints.  This Report and Recommendation should not be interpreted as requiring Plaintiff be awarded disability benefits upon remand.

7

**reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 27th day of January 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE